## Commonwealth v. Johnson & Payne Associates

*Bruce A. Krain*, for plaintiff.
*Thomas R. Solomich* and *Richard A. Gray*, for defendant.

RAUP, *J.*, December 15, 1977—Before the court are defendant's preliminary objections. The Commonwealth of Pennsylvania instituted this action pursuant to the Unfair Trade Practices and Consumer Protection Law of December 17, 1968, P.L. 1224, 73 P.S. §201-1 et seq., as amended and

reenacted by the Act of November 24, 1976, P.L. 1166. The complaint contains two causes of action.

In its first cause of action, the Commonwealth seeks injunctive relief to restrain defendant from certain practices alleged to be violative of the act, to compel defendant to restore moneys acquired from customers by means of the alleged violations of said act, and to compel defendant to forfeit to the Commonwealth civil penalties for alleged willful violations of the act.

In its alternate cause of action, the Commonwealth seeks civil penalties for defendant's alleged violation of a permanent injunction issued pursuant to a consent petition by the Court of Common Pleas of Allegheny County on May 12, 1975.

The first cause of action is founded upon the alleged acts and practices of defendant in connection with defendant's "Golden Checkbook Promotions" in Lycoming, Luzerne, Lackawanna, Lehigh and Northampton Counties from January 17, 1977, forward. The Commonwealth avers that defendant entered into various contractual arrangements with local radio and television stations for said stations to act as "Sponsors" of defendant's "Golden Checkbook Promotions." It is further averred that defendant obtained offers for "free" merchandise and services from local merchants, converted said offers into checks or coupons and compiled the same into booklet form which booklets were then offered for sale by defendant to the general public. The promotion was designed to increase consumer traffic with participating merchants, as consumers who redeem coupons become familiar with the facilities, services and merchandise. The gravamen of the Commonwealth's first cause of action is stated at paragraph 13 of the complaint.

"Plaintiff avers that defendant engaged in the following activities, acts and practices in the course of conducting the foregoing promotion:

"(a) Defendant represented a direct affiliation, connection or association with said Williamsport Station by:

"(i) Representing to consumers in the course of telephone solicitations that calls were from and by said Williamsport Station;

"(ii) Representing to business establishments in the course of obtaining commitments for "free" merchandise and/or services, that Defendant had direct affiliation with said Williamsport Station;

"(iii) Representing in newspaper advertisements that the "Golden Checkbook" promotion was conducted by said Williamsport Station.

"(b) Defendant falsely represented that a purchaser of the "Golden Checkbook" would be able to receive over $300.00 in free merchandise and services for only $21.95 when in truth and fact said checkbook does not contain offers which total a value exceeding $300.00 in merchandise and services and where certain coupons require the purchaser to:

"(i) Make certain purchases at participating business establishments;

"(ii) Pay a service-charge, handling charge or other fee;

"(iii) Redeem coupons only on certain days or at certain times;

"(iv) Schedule, permit, allow and/or attend various sales presentations and demonstrations.

"(c) Defendant in the course of obtaining commitments for "free" merchandise and services for business establishments:

"(i) Represented conflicting dates to various

business establishments concerning the length of time "Golden Checkbook" coupons would be valid;

"(ii) Represented to various business establishments conflicting figures for the number of Golden Checkbooks which would be sold;

"(iii) Purposely dealt with subordinate employees of said business establishments, with different employees on separate visits to said establishments and at times when said business establishments were heavily engaged in regular business activities;

"(iv) Represented to various business establishments a background and experience in the field of said promotions which, in fact, Defendant does not have.

"(d) Defendant conducted and carried on business under the fictitious name of Johnson and Payne Associates without first complying with the requirements of the Fictitious Business Name Act, Act of May 24, 1945, P.L. 967, as amended by the Act of September 30, 1965, P.L. 471, 54 P.S. 28.1."

The Commonwealth's alternate cause of action is founded upon defendant's alleged involvement and participation with Northeastern Credits Incorporated. The complaint avers that defendant is bound by an injunctive order outstanding against said corporation and that defendant has breached the terms of the order by use of the alleged acts and practices stated in the complaint at paragraph 13, above quoted.

Defendant first asserts that the Court of Common Pleas of Lycoming County has no jurisdiction to enforce the injunctive order of the Court of Common Pleas of Allegheny County referred to above. We agree and the alternate cause of action will be

stricken without prejudice to the Commonwealth to seek appropriate relief before the Court of Common Pleas of Allegheny County. Both the Commonwealth and defendant in the Allegheny County action agreed that that court would maintain continuing jurisdiction to enforce the decree. We consider that that court is best suited to determine whether defendant in this action was covered by that decree and if so, whether violations of that decree have been committed and if so, what the penalty should be.

However, the court considers that it clearly has jurdisdiction with respect to the first cause of action. Even assuming that defendant is covered by the Allegheny Court decree and is in violation of that decree, the Commonwealth is free to bring a new action in a different jurisdiction with respect to new allegations of misconduct on the part of the party. . . .

## ORDER

And now, December 15, 1977, for the reasons set forth in the foregoing discussion, it is hereby ordered and directed that the alternate cause of action is stricken in that the court has no jurisdiction with respect to the subject matter thereof. Otherwise, the preliminary objections are denied. Defendant is allowed 20 days from notice of this order in which to file a responsive pleading. Trial is hereby scheduled to commence at 9:00 a.m., Monday, February 6, 1978, in Court Room No. 2.